THE PEOPLE OF THE STATE OF NEW YORK, APPEL-LANT, v. THOMAS PHILLIPS AND IMPORTERS' TEA COMPANY, RESPONDENTS.

*Order of arrest under Code of Civil Procedure, sec. 549, subd. 3 — cannot be granted in an action to recover property, forfeited because used for lottery purposes — Penal Code, sec. 332.*

Subdivision 3 of section 549 of the Code of Civil Procedure, authorizing the granting of an order of arrest in an action brought to recover money, funds, credits or property, held or owned by the State, or for or on behalf of a public or governmental interest, * * * which the defendant has without right obtained, received, converted or disposed of, does not authorize such an order to be granted in an action brought by the people to recover property which is alleged to have been forfeited to the State by reason of the defendant's having offered the same for sale or distribution, in violation of the provisions of the Penal Code against lotteries.

. APPEAL from an order of the Erie Special Term, vacating an order of arrest.

*Edward W. Hatch,* district attorney, for the appellant.

*Fullerton & Hazel,* for the respondents.

SMITH, P. J. :

The order of arrest was granted upon proof that the property, for the recovery of which, or the proceeds thereof, the action is brought, was offered for sale or distribution by the defendants in violation of the provisions of the Penal Code against lotteries, and on that ground it was claimed that such property was forfeited to the State. (Penal Code, § 332.) The only title which the plaintiffs claim to the property in suit is through such alleged forfeiture.

The plaintiffs claim that the order of arrest was authorized by subdivision 3 of section 549 of the Code of Civil Procedure. We do not think the claim can be maintained.

That provision is taken from chapter 28 of the Laws of 1875, which, as is well known, was adopted in consequence of the enormous peculations at that time complained of, and was intended to give a remedy in like cases. It applies to cases where funds or other property belonging to the public, have come into the hands or control of a wrong-doer, and does not apply to an action brought, as this is, for the double purpose of declaring property in the lawful possession of the defendant to be forfeited to the State, and directing it to be transferred to the possession of the plaintiff, by virtue of such forfeiture.

The *vacatur* should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, J J., concurred.

So ordered.